UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JORGE DOMINGUEZ, JR. | * | NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| CROSBY TUGS, L.L.C.  AND | * | |
| | * | |
| CROSBY MARINE | * | |
| TRANSPORTATION, LLC | * | MAGISTRATE: |
| | * | |

**********************************************************************

## SEAMAN'S COMPLAINT FOR DAMAGES

The Complaint of Jorge Dominguez, Jr. ("Dominguez") a person of the full age of majority and resident of the Parish of Terrebonne, State of Louisiana, with respect represents:

### I. DEFENDANTS

Defendant Crosby Tugs, L.L.C. ("Crosby Tugs"), a Louisiana Limited Liability Company doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

Defendant, Crosby Marine Transportation, LLC ("Crosby Marine"), a Louisiana Limited Liability Company doing business within the State of Louisiana and within the

1

jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

## II. JURISDICTION

Jurisdiction of this Court is invoked under the General Maritime Law, 28 USC §1333. In addition, jurisdiction is invoked under 46 USC §30104, the "Jones Act."

## III. VENUE

Venue of this Court is appropriate under 28 USC §1391, in that both Defendants, Crosby Tugs and Crosby Marine, are residents of Lafourche Parish, which is within this judicial district.

## IV. FACTS

On or bout March 30, 2014, Dominguez was employed by Crosby Tugs as a Jones Act Seaman aboard the M/V CAPT. WEBSTER. Upon information and belief Crosby Tugs was the operator and/or bareboat charterer of the M/V CAPT. WEBSTER.

### V.

At all pertinent times hereto, Crosby Transportation was the legal owner of the M/V CAPT. WEBSTER.

### VI.

On or about March 30, 2014, the M/V CAPT. WEBSTER approached an offshore platform for the purpose of onloading and/or offloading supplies to same.

## VII.

In connection with the CAPT. WEBSTER'S activities associated with the platform, it was required that a large marine fire extinguisher be transferred from the stern working deck to the upper deck of the CAPT. WEBSTER. In connection with moving the marine fire extinguisher, Dominguez started to hook up the fire extinguisher to one of two available lines attached to cranes on the adjacent platform for the purpose of moving the fire extinguisher via crane. However, Dominguez was instructed by his captain, upon information and belief named Jody, that Dominguez was to move the marine fire extinguisher manually from the lower stern deck of the CAPT. WEBSTER to the front of the upper deck.

## VIII.

Pursuant to his captain's direct orders, Dominguez began moving the marine fire extinguisher from the lower stern deck of the CAPT. WEBSTER to the upper bow deck of same. During the process of lifting the heavy marine fire extinguisher, and transporting it up stairs to the upper level, Dominguez suffered serious and permanent injuries to his lower back in general, and his body as a whole.

## IX. **NEGLIGENCE AND LIABILITY**

On information and belief, Dominguez alleges that the proximate cause of the above-described accident and damages to Dominguez was the negligence of Crosby Tugs, as Dominguez' Jones Act Employer, in the following, non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by the Crosby Tugs to the Dominguez;

2. Failure to provide a reasonably safe place to work;

3. Failure to properly train and supervise Dominguez;

4. Failure to take any means or precautions for the safety of Crosby Tug's employees, including Dominguez;

5. Creation and maintenance of an unseaworthy vessel;

6. Failure to provide minimum safety requirements;

7. Failure to provide adequate equipment for the job in question;

8. Failure to provide adequate personnel for the job in question;

9. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

## X.

Further, and in the alternative, Dominguez alleges that the proximate cause of the above-described accident and damages to Dominguez was the negligence of Crosby Transportation in the following, nonexclusive aspects:

1. Failure to provide a seaworthy vessel;

2. Failure to provide adequate equipment and/or personnel for the job in question;

3. Creation and maintenance of an unseaworthy vessel;

4. Other acts of negligence and/or unseaworthiness which will be shown at the trial of this matter.

## XI. DAMAGES

As a direct result of the negligence of the Defendants and the unseaworthiness of the vessel, Plaintiff, Jorge Dominguez, Jr., is entitled to recover from the Defendants, Crosby Tugs, LLC and Crosby Marine Transportation, LLC, jointly, severally, and *in solido,* all reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental and emotional pain and suffering;
2. Past, present and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

## XII.

Pursuant to the General Maritime Law of the United States of America, Crosby Tugs had and continues to have the absolute and nondelegable duty to provide Dominguez with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

## XIII.

As a result of the aforementioned accident, Dominguez was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

## XIV.

Therefore, the plaintiff prays for the payment of past, present and future adequate

maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should Defendant, Crosby Tugs fail to honor its maintenance and cure obligation, Dominguez is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the Dominguez' medical condition.

## XV. PUNITIVE DAMAGES

Dominguez specifically alleges a claim for punitive damages against both Defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits but also for any gross negligence of the defendant, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

## XVI. TRIAL BY JURY

Dominguez prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff, Dominguez, prays that Defendants, Crosby Tugs, L.L.C. and Crosby Marine Transportation, L.L.C., be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff, Jorge Dominguez, Jr., and against the Defendants, Crosby Tugs, L.L.C. and Crosby Marine Transportation, L.L.C., jointly, severally and *in solido*, for all damages to which the Plaintiff, Jorge Dominguez, Jr., is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and

equitable relief.

FURTHERMORE, plaintiff prays that defendants, Crosby Tugs, L.L.C. and Crosby Marine Transportation, L.L.C., be cast in judgment in favor of the Plaintiff, Jorge Dominguez, Jr., for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

*S/Robert J. Young, III*
ROBERT J. YOUNG, III (19230)
**YOUNG, RICHAUD & MYERS, LLC**
3850 North Causeway Boulevard
Suite 1830 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone (504) 799-3500
Facsimile (504) 799-3515